CHESTER L. ROBAK, PETITIONER, v. POLISH BUSINESS-MEN'S INVESTMENT ASSOCIATION, A CORPORATION, RESPONDENT.

Submitted July 1, 1920—Decided October 28, 1920.

1. Paragraph 42 of the General Corporation act (2 *Comp. Stat., p.* 1624, ¶ 42) has no application to the election of business agents of corporations. It applies to the election of directors of corporations.
2. Under that section (paragraph 42) the Supreme Court has no power to investigate, by summary procedure, the election of a business agent.

On rule to show cause. On application for summary review.

Before Justices SWAYZE and BLACK.

For the petitioner, *John H. Cooper* and *William J. Woodhead, Jr.*

For the respondent, *J. Mancusi Vugaro.*

The opinion of the court was delivered by

BLACK, J. A rule to show cause was allowed in this case, upon the application of Chester L. Robak, a stockholder in the respondent association. The rule is to show cause why

the election of Leon Gerski, by the stockholders of the respondent, as business agent, at a special meeting on March 11th, 1920, should not be inquired into and why the said election should not be set aside and held to be null and void. The application is made for a summary proceeding by this court, under the forty-second section of the General Corporation act. *Comp. Stat., p.* 1624, ¶ 42. A history of that section, by Mr. Justice Magie, will be found in the case of *In re Bethany Church,* 60 *N. J. L.* 88. It is perfectly obvious, by reading that section in connection with the previous section, section 41, that it refers to the election of directors and not to business agents or managers of corporations. The text of section 42 reads as follows: "The Supreme Court, upon application of any person who may be aggrieved by or complain of any election, or any proceeding, act or matter in or touching the same, * * * shall proceed forthwith, and in a summary way hear the affidavits," &c., * * * "and thereupon establish the election so complained of, or order a new election, or make such order, and give such relief in the premises as right and justice may require," &c. * * * "The court may, if the case require it, either order an issue to be made up in manner and form as it may direct, to try the rights of the respective parties to the office or franchise in question," &c.

It is significant that while this section came into the legislation of this state, in the act passed December 8th, 1825, there is no case to be found in our reports where its provisions were applied to the election of business agents or managers of business corporations.

We think this section does not apply to the appointment or election of agents of corporations. The Supreme Court has not the power to investigate the election of Leon Gerski as business agent of the defendant corporation in a summary way. The rule to show cause must therefore be discharged, with costs.

There are many cases in our reports in which this section has been applied to the election of directors of corporations,

such as *Dunster* v. *Bernards Land, &c., Co.,* 74 *N. J. L.* 132; *In re St. Lawrence Steamboat Co.,* 44 *Id.* 529; *In re Leslie,* 58 *Id.* 609; *Stratford* v. *Mallory,* 70 *Id.* 294; *In re Newark Library Association,* 64 *Id.* 217; *on appeal, Id.* 265; *Thompson* v. *Blaisdell,* 93 *Id.* 31.

The rule to show cause is discharged, with costs.